UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SCOTT R. JAKUBIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| STATE OF INDIANA, DEPARTMENT OF TRANSPORTATION, | ) ) ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Scott R. Jakubin ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the State of Indiana, Department of Transportation ("Defendant"), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII").

**PARTIES**

2. Plaintiff is a citizen of the State of Indiana and has resided within the Northern District of Indiana at all relevant times.

3. At all relevant times, the Defendant has resided in, and/or maintained one or more offices in, and/or conducted business within the geographical boundaries of the Northern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 & § 1343, & 42 U.S.C. § 2000e-5(f)(3).

5. Plaintiff is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Northern District of Indiana. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff is a Caucasian male of German and French descent.

10. Plaintiff was hired by the Defendant on or around March 1, 1990. At all relevant times, Plaintiff has been employed with the Defendant in the position of "Equipment Mechanic 2" in the Borman Traffic Management Center located at 7701 E. Melton Rd in Gary, Indiana.

11. Plaintiff's responsibilities as "Equipment Mechanic 2" included performing preventative maintenance and repair service on State owned emergency response vehicles, trucks, tractors, and other motorized equipment as assigned by his Supervisor. Plaintiff was also tasked with test-driving vehicles and motorized equipment to ensure proper operation after completion of repairs.

12. On information and belief, the vast majority of the other mechanics (if not all) in Plaintiff's work district were African American and/or Hispanic.

13. Plaintiff's work performance at all relevant times (and for more than 30 years) has met or exceeded the Defendant's legitimate expectations.

14. From early in 2019 through January 5, 2022, Plaintiff's Manager/Supervisor was George Carter ("Carter"), the Central Equipment Program Manager for Defendant.

15. For several years prior to 2019, Plaintiff's former Manager/Supervisor had been Steven Johnson ("Johnson").

16. Plaintiff's former Supervisor, Johnson, completed Plaintiff's annual performance reviews for the calendar years: 2015-2016, 2016-2017, 2017-2018. Plaintiff met (or exceeded) expectations in all competencies and performance expectations on which he was reviewed by Johnson.

17. For the calendar years 2018-2019, 2019-2020, and 2020-2021 Plaintiff did not receive any annual performance reviews while under the supervision of Carter, notwithstanding the State of Indiana's Performance Management Policies mandating said reviews.

18. However, on or about December 18, 2020, Carter issued Plaintiff a written reprimand for not following orders (to repair a vehicle) given by his direct Supervisor in an efficient manner.

19. On or about March 1, 2021, Carter next issued a Reprimand to Plaintiff, in lieu of a (3) day suspension, for "Tardiness."

20. Despite the aforementioned discipline, Carter gave Plaintiff the additional work-responsibilities of "Building and Grounds Maintenance" at the Borman location in the middle of 2021.

21. The newly added responsibilities associated with building and ground maintenance only added to Plaintiff's already substantial workload and reduced the time available to him in which to complete the equipment repair work he was responsible for as the sole "Equipment Mechanic" at the Borman location.

22. In mid to late 2021, Plaintiff made numerous requests to Supervisor Carter for the repair or replacement of his work cell phone for the reason that it had been corrupted with pornography (prior to being issued to Plaintiff by the State).

23. On a daily basis, Plaintiff's work cell phone was inundated with numerous advertisements for explicit pornography websites, sexually charged messages from purported sex workers, and explicit nude photographs from various sources.

24. Plaintiff's complaints and requests about the work cell phone, which constituted protected activity, were ignored by Carter. In fact, Carter yelled at Plaintiff for not using the work cell phone more often during business hours. Carter further instructed Plaintiff to continue using the work cell phone regularly despite the pornography corruption.

25. Shortly after Plaintiff's complaints about the phone, the Defendant terminated his employment on January 5, 2022. At that time, Carter informed Plaintiff that he was being terminated for refusal to follow orders, failure to perform his job requirements, and dishonesty.

26. Any reasons given by the Defendant for Jakubin's discipline, up to an including his termination, were pretext.

27. Defendant terminated Plaintiff because of his race, national origin, sex, and in retaliation for his protected conduct, namely complaining about sexual harassment associated with the use of his corrupted work phone.

28. Defendant has violated Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964.

29. Plaintiff has suffered, and continues to suffer, injuries as a result of the Defendant's unlawful conduct.

30. Plaintiff requests that the Defendant compensate him for his injuries.

## COUNT I

### TITLE VII-SEX DISCRIMINATION

31. Plaintiff hereby incorporates paragraphs 1 – 30 of his Complaint as if fully set forth herein.

32. Defendant took adverse employment actions against Plaintiff because of his sex.

33. Defendant treated Plaintiff's similarly-situated female co-workers more favorably than it has treated Plaintiff.

34. Defendant terminated Plaintiff's employment due to his sex.

35. Defendant's unlawful actions were intentional, willful and done in reckless of Plaintiff's rights under Title VII and have caused and continue to cause harm to Plaintiff.

## COUNT II

### TITLE VII SEX HARASSMENT AND/OR HOSTILE WORK ENVIRONMENT

36. Paragraphs 1-35 of Plaintiff's Complaint are hereby incorporated.

37. Defendant subjected Plaintiff to harassment and a hostile work environment that was both severe and pervasive because of Plaintiff's sex.

38. While employed by Defendant, Plaintiff experienced sexual harassment so severe and pervasive that such harassment altered the conditions of his employment and created an intimidating, hostile, offensive, and abusive working environment.

39. Defendant failed to take appropriate measures to remedy the harassment.

40. Defendant's failure to act constitutes a violation of Title VII. Defendant's actions (or omissions) were intentional, malicious, willful and committed by Defendant in reckless disregard of the law.

41. Plaintiff has suffered injury as a direct result of Defendant's wanton and unlawful conduct described above, including but not limited to monetary damages, physical and emotional harm, and damage to his reputation.

## COUNT III

## TITLE VII-RETALIATION

42. Plaintiff hereby incorporates paragraphs 1 – 41 of his Complaint as if fully set forth herein.

43. Defendant took adverse employment actions against Plaintiff in retaliation for Plaintiff engaging in protected conduct.

44. Defendant terminated Plaintiff's employment due to engaging in protected activity.

45. Defendant's unlawful actions were intentional, willful and done in reckless of Plaintiff's rights under Title VII and have caused and continue to cause harm to Plaintiff.

## COUNT IV

## TITLE VII-NATIONAL ORIGIN DISCRIMINATION

46. Plaintiff hereby incorporates paragraphs 1 – 45 of his Complaint as if fully set forth herein.

47. Defendant took adverse employment actions against Plaintiff because of his national origin.

48. Defendant treated Plaintiff's similarly-situated co-workers of U.S. national origin more favorably than it has treated Plaintiff.

49. Defendant's unlawful actions were intentional, willful, and done in reckless of Plaintiff's rights under Title VII and have caused and continue to cause harm to Plaintiff.

## COUNT V

## TITLE VII- RACE DISCRIMINATION

50. Plaintiff hereby incorporates paragraphs 1-49 of his Complaint as if fully set forth herein.

51. Defendant took adverse employment actions against Plaintiff due to his race.

52. Other, similarly situated employees who are not Caucasian were treated more favorably than Plaintiff and were not subjected to the same adverse employment actions.

53. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

54. Plaintiff has been injured as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Scott R. Jakubin, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pays Plaintiff's attorneys' fees and costs incurred in this action; and

6. Defendant pays to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*/S/ Chad M. Buell*
John H. Haskin, Attorney No. 7576-49
Chad M. Buell, Attorney No. 20044-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*/S/ Chad M. Buell*

John H. Haskin, Attorney No. 7576-49
Chad M. Buell, Attorney No. 20044-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com